We move to the fourth case this morning, Anderson v. Brookhart. Ms. Nodder? Ms. Nodder? I may have placed the court. Marie Nodder on behalf of appellant Mark Anderson. I'd like to reserve three minutes for rebuttal. The state here charged a unique offense. The state had to prove not only that Mr. Anderson shot at Mr. Hazese, but that he did so when Mr. Hazese was in a car. Significantly, the state did not have direct evidence on either of those elements. And the inferences that the jury was required to make were not reasonable from the evidence introduced at trial and were not enough to sustain a conviction beyond a reasonable doubt. The state needed two inferences here. First, that Mr. Anderson shot at Mr. Hazese and not at someone else. And second, that he did so when Mr. Hazese was in a car and not somewhere else. On the first inference, that his target was Mr. Hazese, the state has testimony from Mr. Cooper that Mr. Anderson shot at another guy outside of the sub shop. But as the Illinois appellate court acknowledged on the first direct review, there really was no evidence that that other person was, in fact, Mr. Hazese. And on this point, the Illinois appellate court on review of Mr. Anderson's habeas petition also did not consider Hazese's testimony that there was an older guy at the shop that night who came to buy drugs or Mr. Jackson's testimony that Hart was there with all of his friends. So it certainly would be reasonable to conclude that there were other people at the shop that night, making it much more difficult, as the district court recognized, to conclude that Mr. Cooper was referring to Mr. Hazese when he referred to this other man at the sub shop. On the second inference, that Mr. Hazese was shot at when he was in a car, the most direct evidence the state has on that point is Mr. Cooper's testimony. And Mr. Cooper actually says that Mr. Anderson shot at the person outside of the sub shop before that person got into his car. That is another point the Illinois appellate court did not consider was this timing element and this direction element that Mr. Cooper indicated in his testimony. So, Ms. Nodder, the way Judge Chang has set up the analysis, there's these two inferences, and then we're considering the sufficiency of the evidence on those inferences as a result of what the certificate of appealability allowed. And it strikes me that if either of those inferences end up getting knocked out, that obviously puts it to Mr. Anderson's advantage. How are we to factor in the double-deference nature of this law? Because we're not here looking at that question de novo. We're obviously looking at it as an appellate court in review in that double-deference position. What are your thoughts on that? Yes, Your Honor. The double-deference standard is important on habeas review, but I'd point you to this court's decision in Pieskowski in which there was a set of inferences, and even on habeas review of a 2254 claim, you still have to look at each inference and you have to look at the evidence and ask whether those inferences are reasonable. And as this court stated in Pieskowski, you have to look at each link in that inferential chain and ask whether it's reasonable, and there comes a point where if those inferences are weak, which they are here and they were in Pieskowski, it becomes speculation to merely pile such weak inferences one on top of the other, and at some point they just can't support a conviction beyond a reasonable doubt. I'd like to refer back to the elements of this crime. Aggravated discharge of a firearm under Illinois law can have a variety of different components. The state could have charged aggravated discharge of a firearm in the direction of a person, but they chose to charge aggravated discharge of a firearm in the direction of a vehicle. The testimony on the particular direction here was lacking. Mr. Hazese merely said that he heard shots as he was driving away, and so his testimony is really quite limited in what it can prove. He cannot give us the identity of the shooter, and he cannot give us where those shots were fired, and that's a critical element, where the shots were fired. Mr. Cooper can tell us that, but he tells us that it didn't happen where the state said it happened, that Mr. Anderson didn't fire at a car, and that is not enough. I just have a question for you. If he didn't fire at a car, where was he firing? Well, under Mr. Cooper's version of events, he was firing at an individual outside of the sub shop, but it's also possible that he was firing somewhere else, and we simply don't know, and that's part of the problem with the state's case here is that— The reason I ask that question is I think it's for the jury. I can imagine how this played out in front of a jury. It's 2 or 3 o'clock in the morning. There's one guy in the sub shop, and there's a guy on the street, and your client shoots somebody in cold blood, and the guy on the street takes off, which we would expect, right? He jumps in his car, and he drives away, and there's three bullets. Boom, boom, boom. That's what he hears, right? And I guess why was it not reasonable for the jury, based on what Mr. Haziz— I think that's how he says his name—Mr. Haziz testifies. Why is it not reasonable for a jury to conclude that he must have been shooting at Mr. Haziz? Where else would he have been shooting? Well, it's not reasonable because of the very specific directional element that's required under Illinois law. So even if Mr. Anderson were shooting at Mr. Haziz, he had to have been shooting at him after he had gotten into his vehicle, and that's the key element that— But Haziz testified that he heard the shots after he got in the vehicle, right? I think he did, at least. Yes, he did, Your Honor. And that's it. I mean, that's the end of it. I think if the jury accepts that testimony, there is the evidence in the record. The jury can use its common sense, and that's kind of it, unless I'm wrong on that. Well, there does come a point where you have to have enough facts in the record to be able to draw that inference, and the issue is Mr. Anderson could have been shooting at Mr. Haziz on this testimony while Mr. Haziz was running to the car, and that isn't enough— But that's not what Haziz testified to. And if the jury believed Haziz, that's the end of that issue, I think. A little bit more is required under Illinois law for aggravated discharge of a firearm in the direction of a vehicle. There has to be some link showing that the defendant shot at that particular target, in this case, in a car, and so Mr. Haziz just saying that he heard shots isn't really enough because we have other evidence here. Mr. Cooper says there were three more shots fired after Mr. Anderson shot at Mr. Hart. Mr. Haziz also testified that he heard three shots, so it is possible that what Mr. Haziz heard was Mr. Anderson shooting at a third person. That would be entirely consistent with that. So it would still require a bit of a leap to think that just because Mr. Haziz heard these shots, that we know for sure where Mr. Anderson fired a gun. I'd like to reserve the remaining of my time for rebuttal. You may. Thank you. Ms. O'Connell? May it please the Court, Assistant Attorney General Aaron O'Connell on behalf of the Respondent Warden. As the Court has noted, there are two layers of deference that apply to the question here. There is first a layer of deference that is applied to the jury. It's a question of rationality. Could any rational juror have convicted based on this testimony? And then on top of that, there is a layer of deference to the state court's adjudication of this claim, whether in holding that the evidence was sufficient was itself objectively unreasonable. Petitioner has failed to meet either standard, addressing first the question of the juror rationality. There were not a lot of leaps of logic involved here. In terms of when the shots occurred, Haziz's testimony was clear, direct testimony about the timing. He was in the process of fleeing the scene when he heard the shots being fired. The only missing element, the missing link, that Petitioner claims is the direction of those shots, that missing link was supplied by Cooper in his grand jury testimony. Cooper made clear that the shots were being fired at an individual who was on the scene outside at the time, and he made clear in terms of identifying that person that he was the person who fled in his vehicle. And therefore, it can be inferred, because Haziz was the person who testified he fled in his vehicle, and there was not even a third vehicle on the scene, that Cooper is testifying that the shots were fired at Haziz. So a rational juror could conclude, based on a combination of those witnesses, that the state had shown that there was a discharge of a firearm toward an occupied vehicle. On top of that, of course, the court also has to consider the reasonableness of the state court adjudication, and this has an independent significance. So the district court viewed this as a closed question. It nevertheless denied habeas relief because it found that Petitioner had failed to show unreasonableness by the state court. The district court was correct in that determination, and the Supreme Court has repeatedly reversed grants of habeas relief on sufficiency claims for failure to accord an appropriate level of deference. So Cavazos is one, Coleman v. Johnson is another. This has an independent significance and alone should preclude the grant of habeas relief here. So because Petitioner has failed to make the two showings that are required, we would ask that this court affirm the judgment of the district court denying habeas relief. Ms. O'Connell, do we know why the jury was instructed just on the one of firing at an occupied vehicle versus the other one as well? That was the way that the state had charged it. So that was the theory that was presented to the jury. Certainly there was evidence that could have gone either way, and the state probably could have covered its bases by charging it in two ways, but they were constrained by the charging instrument at that point, and that was also the way that it was argued to the jury. So the prosecutor argued clearly to the jury that they should find that the shots were fired at the occupied vehicle based on this testimony by Aziz and by Cooper. Are the penalty provisions different? I don't believe so. You can get a conviction for aggravated discharge on either of those two alternative theories. Was it a discharge at a person or was it a discharge at an occupied vehicle? So those are just alternative routes to the same conviction. And the potential sentence would be the same? They would, correct. It would be a conviction for aggravated discharge of a firearm under that provision, and the same penalties would apply. If the court has no further questions, we would ask that the court affirm. Thank you, counsel. Ms. Nodder? Your Honor, the state relies heavily here on the deferential habeas standard of review, but even on habeas review, there are certain limits to what sort of evidentiary gaps can be filled in, and in a crime with a very specific directional component, the state does not meet that burden here. Even on habeas review. There was testimony that there were others at the sub shop that night, and Mr. Cooper clearly indicated a direction that the shots were fired in. He indicated that those shots were fired before the person ran into their vehicle. So it's not quite as simple as just adding Mr. Cooper's testimony and Mr. Aziz's testimony together because Mr. Cooper indicates a clear sequence. If there are no further questions from the court, I ask that the court reverse and remand for a grant of habeas corpus. Thank you. Thank you, counsel. Thanks to both counsel, and the case is taken under advisement.